1    WO

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                     FOR THE DISTRICT OF ARIZONA

9

10

11

12   José Parra, et al.,            )
                                    )
13              Plaintiffs,         )      No. CIV 02-0591-PHX-RCB
                                    )
14        vs.                       )              O R D E R
                                    )
15   Bashas', Inc.,                 )
                                    )
16              Defendant.          )
     ───────────────────────────────)

17

18   **I.   Introduction**

19        The original complaint in this action was filed by Plaintiffs

20   José Parra and Gonzalo Estrada on April 4, 2002. Complt. (doc. 1).

21   The Court granted Plaintiffs' motion to amend their complaint, and

22   Plaintiffs filed their First Amended Complaint (doc. 116) on March

23   11, 2004, adding Aurelia Martinez as a named plaintiff. In their

24   pleadings, Plaintiffs alleged that Defendant Bashas', Inc.

25   ("Bashas'") committed civil rights violations under 42 U.S.C. §

26   1981 for intentional discrimination and under Title VII of the

27   Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq*, for both

28   disparate impact and disparate treatment. In September 2004,

Plaintiffs filed their motion for appointment of class counsel (doc. 152) and, under seal, filed their motion for class certification in this matter (doc. 159). These motions were fully briefed on November 23, 2004, and the issue of class certification was argued orally on January 24, 2005.

On August 31, 2005, the Court issued an order ruling on these motions.  Order (doc. 224).  In its order, the Court granted in part and denied in part Plaintiffs' motion for class certification. Id. at 52. Specifically, the Court certified a class defined as follows:

> All Hispanic workers employed by defendant in an hourly position at any Food City retail store since April 4, 1998, who have been or may be subject to the challenged disparate working conditions.

Id. However, the Court denied Plaintiffs' motion, without prejudice, as to the issues of the challenged pay policies and practices.  Id.  The Court ruled in such a manner because it concluded that Plaintiffs failed to satisfy the "commonality" requirement of Rule 23(a)(2)[1] in relation to these issues.  Id. at 39.

> Plaintiffs present evidence that Defendant's policies governing compensation are similar across all stores due to the fact that all of Defendant's stores use company-established pay schedules to

---

[1] Rule 23(a) of the Federal Rules of Civil Procedure lists the prerequisites to a class action as:

> (1) the class is so numerous that joinder of all members is impractical, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

1   determine rates of pay. Mot. (doc. 159) at 4.
2   Defendant concedes that such pay schedules are
    used, and that past pay schedules established for
    Food City stores contained lower pay ranges than
3   those utilized at Bashas' and A.J.'s stores. Resp.
    (doc. 190) at 11; Exbt. 7 (doc. 190) at ¶10.
4   However, both parties concede that over the past
    several years the contested pay scales have merged
5   and, for the most part, are now identical. Mot.
    (doc. 159) at 7; Resp. (doc. 190) at 14-15.
6   Consequently, some class members may now receive
    pay that is equal to that of their counterparts in
7   Defendant's other stores, while other class
    members may not. Thus, although Defendant's system
8   for compensating hourly employees is similar
    across all stores, the Court is not satisfied that
9   the manner in which the system affects the class
    raises issues that are common to all class
10  members.

11  Id.

12      In response to the Court's order, Plaintiffs filed a motion

13  entitled "Plaintiffs' Supplemental Motion to Redefine and Limit

14  Requested Class and to Reconsider August 31, 2005 Order."  Mot. to

15  Reconsider (doc. 225).[2]  Believing that the characterization of

16  this motion as both a "supplemental motion" and a "motion to

17  reconsider" would cause confusion as to whether Defendant could

18  respond, the Court issued an order permitting such a response.

19  Order (doc. 229).  Accordingly, Defendant filed its response on

20  October 5, 2005.  Resp. (doc. 230).  Thereafter, Plaintiffs filed a

21  motion requesting leave to file a reply in this matter, and

22  attached the proposed reply to the motion.  Motion for Leave to

23  File (doc. 233).[3]

24  _____

25      [2] In its motion for reconsideration, Plaintiffs requested oral
    argument on this matter.  Mot. to Reconsider (doc. 225).  Finding
26  oral argument unnecessary, the Court shall deny this request.

27      [3] Defendant did not file an objection to Plaintiffs' motion for
    leave to file a reply. Therefore, the Court shall grant Plaintiffs'
28  motion for leave to file their reply and has considered the reply in

1    This Court, having carefully considered the arguments

2 presented by the parties, now rules on these matters.

3 **II. Motion to Reconsider**

4    The decision to grant or deny a motion for reconsideration is

5 left to the sound discretion of the trial court.  See <u>School Dist.</u>

6 <u>No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th

7 Cir. 1993).  Such motions are disfavored and are only appropriate

8 if a court "(1) is presented with newly discovered evidence; (2)

9 committed clear error or the initial decision was manifestly

10 unjust; or (3) if there is an intervening change in controlling

11 law." <u>Id.</u> A motion for reconsideration is not the place to make new

12 arguments not raised in the original briefs.  <u>All Hawaii Tours v.</u>

13 <u>Polynesian Cultural Ctr.</u>, 116 F.R.D. 645, 650 (D. Haw. 1987), <u>rev'd</u>

14 <u>on other grounds</u>, 855 F.2d 860 (9th Cir. 1988).  Nor is it the time

15 to ask the court to rethink what it has already thought.  <u>Above the</u>

16 <u>Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D.

17 Va. 1983).

18    Here, Plaintiffs do not raise any newly discovered evidence in

19 their motion.  In their request for reconsideration, Plaintiffs ask

20 the Court to "certify a more limited class, covering *only* those

21 employees who were actually paid a rate on the disputed pay scales,

22 which was lower than that for comparable Bashas'/A.J.'s Fine Foods

23 workers[.]"  Mot. to Reconsider (doc. 225) at 2. Specifically,

24 Plaintiffs ask that the Court certify a class defined as:

25    All Hispanic workers employed by defendant in an
      hourly position at any Food City retail store
26    since April 4, 1998, who were subject to

27

28 reaching its decision in this order.

1
2
3
4
5

> defendant's policy of using lower pay schedules
> for Food City workers than for workers in
> comparable positions in Bashas' and A.J.'s Fine
> Food stores. The class excludes any Hispanic Food
> City employee who was, at all times during his or
> her employment, paid a rate that was the same as
> the rate for the equivalent position in Bashas'
> and A.J.'s Fine Food stores.

6   Id.  Plaintiffs do not raise any new evidence in relation to this

7   proposed change but merely argue that it is a clarification that

8   will resolve the Court's prior concerns about the proposed class

9   meeting the Rule 23(a)(2) requirement of "commonality."  Reply

10  (doc. 233) at 1.  However, in support of this change, Plaintiffs

11  put forth the same assertions that they posed in their initial

12  motion for class certification.  Mot. for Reconsideration (doc.

13  225) at 4-16.  A motion for reconsideration that merely repeats

14  arguments previously raised is appropriately denied.  Taylor v.

15  Knapp, 871 F.2d 803, 805 (9th Cir. 1988).

16       Second, this Court did not commit clear error when it refused

17  to grant Plaintiffs' motion for class certification on the issues

18  of the challenged pay policies and practices.  To prove that the

19  Court committed clear error, the movant must demonstrate that the

20  Court's action falls clearly outside the bounds of its authority.

21  McDowell v. Calderdon, 197 F.3d 1253, 1256 (9th Cir. 1999).  If the

22  propriety of the Court's judgment is a debatable question, there is

23  no clear error and the motion to reconsider is properly denied.

24  Id.  Here, Plaintiffs have made no arguments demonstrating that the

25  Court's order falls outside the bounds of its authority.

26       Finally, Plaintiffs have not indicated that there has been an

27  intervening change in controlling law. Therefore, the third basis

28  for a motion for reconsideration is not met.  Consequently,

1  Plaintiffs' motion for reconsideration shall be denied.

2  **III. Motion to Redefine**

3      Plaintiffs also base their motion on Rule 23(c)(1)(C) of the

4  Federal Rules of Civil Procedure.  Rule 23(c)(1)(C) provides that

5  "[a]n order under Rule 23(c)(1) may be altered or amended before

6  final judgment."  This rule "provides district courts with broad

7  discretion to determine whether a class should be certified, and to

8  revisit that certification throughout the legal proceedings before

9  the court."  Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir.

10  2001).

11      Pursuant to this discretion, Plaintiffs ask the Court to

12  certify the more limited class, covering only those employees who

13  were actually paid a rate on the disputed pay scales.  Mot. to

14  Reconsider (doc. 225) at 2.

15          As plaintiffs understand the [Court's prior]
            ruling, the Court concluded that the class, as
16          proposed, was too broad in that it encompassed
            Hispanic employees who had been subject to lower
17          pay scales as well as some who, in later years,
            were paid at the same rate as their counterparts
18          at Bashas' and A.J.'s Fine Foods when rates for
            particular jobs were equalized...This narrower
19          class definition is expressly tailored to address
            the concerns raised by this Court and satisfies
20          the requirements of Rule 23(a) and 23(b).

21  Id. at 1.  Plaintiffs assert that the fact that Defendant

22  eventually merged the contested pay scales "does not deprive

23  victims of their right to seek redress for earlier violations nor

24  moot the issues."  Id., citing Gonzales v. Police Dept., City of

25  San Jose, Cal., 901 F.2d 758, 762 (9th Cir. 1990) ("That minority

26  employees were 'promoted just before trial...does not constitute a

27  defense to plaintiffs' charges, nor does it moot the issues...'").

28  Plaintiffs argue that evidence demonstrates that substantial

- 6 -

1  differences remained in the 2001 pay scale, indicating that 2,200

2  Hispanic Food City employees held jobs paid based upon the lower

3  pay scale.  Id. at 5.  In addition, Plaintiffs note that, while a

4  number of pay steps were equalized in 2002 and 2003, more than 700

5  Hispanic workers were still paid based upon lower rates than their

6  Bashas' counterparts in 2003.[4]  Id.

7       In contrast, Defendant asserts that these same arguments were

8  previously raised by Plaintiffs in their original motion for class

9  certification.  Resp. (doc. 230) 11-13.

10            The evidence in this case has not changed since
              the Court's August 31, 2005 Order. The factual
11            information offered by Plaintiffs is not new, it
              is simply repackaged.
12

13  Id. at 13.  Moreover, Defendant argues that Plaintiffs'

14  "redefinition" of the class is no different from the original

15  definition proposed.  Id. at 8.  Defendant notes that, although the

16  newly proposed definition explicitly limits itself to those that

17  have suffered a loss, parties who have not suffered an economic

18  loss would not have been entitled to relief under the original

19  definition either.  Id. at 8-9.  Thus, Defendant maintains that

20  Plaintiffs' motion is merely an effort to rehash law and facts that

21  have already been considered by the Court, and asserts that the

22  motion should be denied.  Id. at 14.  The Court agrees.

23       The Court sees no real difference between Plaintiffs' newly

24  proposed class definition and that proposed in Plaintiffs' original

25

26       [4] Plaintiffs note that because discovery was cut off in April

27  2004, they do not have the pay scales for 2004 and 2005 and are thus
    unable to determine whether the pay scales are now identical. Mot. to
28  Reconsider (doc. 225) at 5 n.5.

motion for class certification.  Consequently, the motion currently before the Court is a motion to reconsider matters that the Court has already reviewed and ruled upon.  For the reasons explained above, such a motion must be denied.

Therefore,

IT IS ORDERED that Plaintiffs' motion for leave to file reply brief (doc. 233) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Supplemental Motion to Redefine and Limit Requested Class and to Reconsider August 31, 2005 Order (doc. 225) is DENIED.

DATED this 29th day of March, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record

- 8 -