WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jose Parra; Gonzalo Estrada; )
and Aurelia Martinez        )
                            )
            Plaintiffs,     )     No. CIV-02-0591-PHX-RCB
                            )
        vs.                 )         O R D E R
                            )
Bashas', Inc.               )
                            )
            Defendant.      )
_____)

        Currently pending before the court is plaintiffs' "Request to Set Status Conference[.]" Doc. 269.  Also pending before the court is defendant Bashas', Inc. "Motion to Stay Proceedings Pending Petition for Writ of Certiorari or, in the Alternative, Motion to Extend Time to Respond to Plaintiffs' Request to Set Status Conference[.]"  Doc. 270.

### ***Background***

        In <u>Parra v. Bashas', Inc.</u>, 536 F.3d 975 (9th Cir. 2008) ("<u>Parra II</u>"), the Ninth Circuit reversed and remanded this court's

1    class certification order, <u>Parra v. Bashas', Inc.</u>, 2005 WL 6182338

2    (D.Ariz. Aug. 29, 2005) ("<u>Parra I</u>"), as it pertained to plaintiffs'

3    discriminatory pay claim.  On September 12, 2008, the Ninth Circuit

4    denied the petition for panel rehearing and the petition for

5    rehearing <em>en banc.</em>  Doc. 267-2.   The Ninth Circuit's mandate

6    issued on September 25, 2008 (doc. 267), thereby restoring

7    jurisdiction to this court.  <u>See</u> <u>Sgaraglino v. State Farm Fire and</u>

8    <u>Cas. Co.</u>, 896 F.2d 420, 421 (9th Cir. 1990) (defining the "issuance

9    of the mandate" as "return[ing] [the case] to the district court's

10    jurisdiction[]").

11      Two months later, plaintiffs filed a request for a status

12    conference "in order to reopen discovery" and to have this court

13    "set a briefing schedule for plaintiffs' motion for class

14    certification of their Equal Pay Claim."  Request (doc. 269) at

15    2:1-3.  Given that discovery has been closed since April 2004,

16    plaintiffs purportedly "need to obtain updated discovery concerning

17    the status of defendant's pay policy and its impact on the putative

18    class."  <u>Id.</u> at 2:12-13.  After the completion of such discovery,

19    plaintiffs intend to "file an updated motion for certification of

20    the equal pay claim."  <u>Id.</u> at 2:10.

21      On December 1, 2008, in anticipation of filing a petition for

22    certiorari, Bashas' filed their motion for a stay pending the

23    United States' Supreme Court's disposition of that petition.

24    Alternatively, Bashas' contends that this court "should at least

25    grant a stay of all proceedings regarding plaintiffs' pay claim,

26    and, if necessary, grant Bashas' an extension of time to respond to

27    Plaintiffs' request for a status conference, with Bashas' response

28    due ten . . . days after this Court enters its order regarding

1  [this] motion."  Reply (doc. 272) at 7:10-13.  In the meantime, on

2  December 11, 2008, Bashas' did file its Petition of a Writ of

3  Certiorari (No. 08-768).

4                              ***Discussion***

5  ***I.  Stay***

6       Having considered the parties' respective arguments as to the

7  necessity of a stay pending the Supreme Court's resolution of

8  Bashas' petition for certiorari, the court hereby DENIES, without

9  prejudice to renew, Bashas' motion for a stay.  Given the manner in

10 which this litigation will be proceeding for the foreseeable

11 future, the court finds that Bashas' has not met its burden of

12 showing the necessity for a stay at this juncture.

13 ***II.  Extension of Time***

14      Given the denial of Bashas' stay motion, the court hereby

15 GRANTS Bashas' motion for alternative relief.  More specifically,

16 Bashas' has until January 13, 2009, by which to file and serve its

17 response to plaintiffs' "Motion to Set Status Conference" (doc.

18 269).  Plaintiffs' reply, if any, shall be filed and served in

19 accordance with LRCiv 7.2(d).

20 ***III.  Status Conference***

21      The court hereby conditionally GRANTS plaintiffs' "Request to

22 Set Status Conference" (doc. 269).  Such Status Conference shall be

23 held, if at all, on February 2, 2009, at 2:30 p.m., at the District

24 Court of the United States for the District of Arizona, Sandra Day

25 O'Connor Courthouse, 401 West Washington Street, Phoenix, Arizona,

26 6th Floor, Courtroom 606.  This stay is subject to being vacated,

27 however, in the event the court ultimately determines that a status

28 conference at that point is unnecessary.

IT IS ORDERED that:

(1) Plaintiffs' "Request to Set Status Conference" (doc. 269) is GRANTED in accordance with the terms set forth in the preceding paragraph; and

(2) Defendant's motion (doc. 270) is DENIED without prejudice to renew insofar as it is seeking a stay, but is GRANTED, as set forth above, to the extent defendant is seeking an extension of time in which to respond to plaintiffs' "Request to Set Status Conference[.]"

DATED this 31st day of December, 2008.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record