**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jose Parra, Gonzalo Estrada and Aurelia Martinez,<br><br>        Plaintiffs,<br><br>vs.<br><br>Bashas' Inc.,<br><br>        Defendant. | No. CV 02-0591 PHX RCB<br><br>Related Case: CV 09-0209 PHX JAT<br>O R D E R |

For seven years the court has presided over this action alleging national origin discrimination in violation of Title VII of the 1964 Civil Rights Act as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and intentional race discrimination in violation of 42 U.S.C. § 1981.  On February 2, 2009, this court conducted a status conference, more fully discussed below.  That same day, the Equal Employment Opportunity Commission ("EEOC") filed an application for an order to show cause why an administrative subpoena should not be issued against respondent, Bashas' Inc., in EEOC v. Bashas', Inc., 2:09-CV-00209-JAT.  That enforcement action

was randomly assigned to the Honorable James A. Teilborg, United States District Court Judge. Currently pending before the court is a motion by Bashas' to transfer that enforcement action to this court pursuant to LRCiv 42.1(a) (doc. 281). For the reasons set forth herein, in the exercise of its discretion, the court GRANTS this motion to transfer.

### *Background*

### *I. Parra v. Bashas'*

Assuming familiarity with this action, only those facts bearing directly on the enforcement action will be set forth herein. On September 26, 2001, Jose Parra filed a Charge of Discrimination with the EEOC. Mot. (doc. 281), exh. A thereto (doc. 281-3) at 2. In that Charge, Mr. Parra stated his belief that he had "been discriminated against because of [his] race, Hispanic, and [his] national origin, Mexican-American[,] with respect to pay, assignment and working conditions." Id. After several other employees filed similar charges, the EEOC issued right-to-sue letters. Id. at 2:19-21. Messrs. Parra and Estrada then filed this putative class action on April 4, 2002. Thereafter, the EEOC closed all charges. Id. at 2:22.

Discovery ensued during which Bashas' produced wage charts for its various stores for the years 1994 - 2003, inclusive. Id. at 2:24-25. In April 2004, Bashas' produced what plaintiffs describe as "massive spreadsheets" comprehensively setting forth a variety of factors primarily related to wages. Id. at 2:25. Thereafter, in September 2004, plaintiffs moved for class certification. The court granted class certification as to the disparate working conditions claim, but it denied certification as to the pay claim

because it found a lack of commonality under Fed. R. Civ. P. 23(a)(2).  Parra v. Bashas', Inc., 2005 WL 6182238 (D.Ariz. Aug. 29, 2005).  Following plaintiffs' appeal, the Ninth Circuit reversed this court's "finding that Plaintiffs' originally proposed class lacked commonality" as to the pay claim and "remand[]ed for consideration of the remaining class certification factors in accordance with th[at] opinion."  Parra v. Bashas', Inc., 536 F.3d 975, 980 (9th Cir. 2008) (emphasis omitted).

In late November 2008, plaintiffs "request[ed] that this Court set the matter for a status conference in order to reopen discovery and set a briefing schedule for plaintiffs' motion for class certification of their Equal Pay Claim."  Mot. (doc. 269) at 2:1-3.  Plaintiffs offered the following rationale:  "since discovery ha[d] been closed since April 2004, [they] need[ed] to obtain updated discovery concerning the status of defendants' pay policy and its impact on the putative class."  Id. at 2:11-13.  Following the Supreme Court's denial of a petition for certiorari, on February 2, 2009, this court conducted a status conference.  During that conference, plaintiffs reiterated their "need to update the discovery . . . to resubmit the pay claim . . . for class certification."  Tr. (doc. 279) at 3:2-4.  Finding that "the time for the discovery sought by Plaintiffs has long since expired[,]" the court denied their request "to reopen discovery for that limited purpose."  Id. at 14:18-20.

***II.  EEOC Enforcement Action***

Despite closing its files after issuing the right-to-sue letters to the Parra plaintiffs, the EEOC continued with its own investigation.  Shortly after this court denied plaintiff's motion

-3-

for reconsideration on the class certification issue, on May 11, 2006, the EEOC served a subpoena upon Bashas'.  See id., exh. B thereto (doc. 281-3).  The EEOC sought, among other things, "all pay scales in effect for any hourly positions" at Bashas', A.J.'s and Food City, "from 1998 to present."  Id., exh. B thereto (doc. 281-3) at 6, ¶¶ 1-3.  The EEOC further sought "all documents or materials reflecting the racial and national origin composition of hourly employees at" those "stores in . . . Arizona for 11 years starting in 1998 to the present[.]" Id., exh. B thereto (doc. 281-3) at 6, ¶ 7.  Additionally, the EEOC sought the personnel files for two of the named plaintiffs in the Parra action, among others.  Id., exh. B thereto (doc. 281-3) at 6, ¶ 6.

Evidently "Bashas' objected to th[at] subpoena on various grounds, including that those individual charges had been closed for more than four years, that the allegations in those charges were now the subject of the *Parra* litigation, and the EEOC had an opportunity to intervene and elected not to do so."  Mot. (doc. 281) at 4:2-5.  On September 12, 2006, the EEOC advised Bashas' that it was "re-open[ing]" the charges as to the eight individuals who had filed EEOC charges against Bashas' in 2002, including plaintiffs Parra and Estrada.  Id., exh. C thereto (doc. 281-3) at 8.  The EEOC further advised Bashas' that once the EEOC "completed [its] investigations, a determination w[ould] be issued and [Bashas'] w[ould] be . . . notified."  Id.

In response, Bashas' took the position that the EEOC "had no authority to 're-open' th[ose] charges because the right-to-sue letters were issued four years earlier and the EEOC was on notice of the *Parra* litigation and had ample time to intervene[.]" Id. at

-4-

1  4:7-9.  According to Bashas', "[t]he EEOC never replied, and never
2  moved to enforce that subpoena."  Id. at 4:10.
3       On May 9, 2007, pursuant to its statutory and regulatory
4  authority, the EEOC filed a "Commissioner's Charge" against
5  Bashas'.  Resp. (doc. 283), exh. 1 thereto (doc. 283-2) at 2.  In
6  that Charge, the EEOC states its "belie[f] that [Bashas'] has,
7  since at least May 2004, violated Title VII by discriminating
8  against Hispanics due to their national origin."  Id.  Asserted
9  discriminatory activities "include[] . . . failing to pay Hispanic
10 employees comparable wages to non-Hispanic employees and failing to
11 promote Hispanics []to Management positions."  Id.  The
12 Commissioner filed that Charge on behalf of "all persons who have
13 been adversely affected by the . . . unlawful practices[]" just
14 described.  Id.  The EEOC provided Bashas' with a "Notice" of that
15 Charge, and in July 2007, served Bashas' with two subpoenas.  See
16 id., exh. 2 thereto (doc. 283-2) at 4); and Resp. (doc. 283) at
17 2:28 - 3:1 (footnote omitted).
18      According to Bashas', the EEOC "refused" to provide it "with
19 even the most basic information" so that it "could defend itself"
20 against the Commissioner's Charge.  Mot. (doc. 281) at 4:19-20.
21 Nonetheless, Bashas' did provide some information in response to
22 those two subpoenas.  After reviewing the information Bashas'
23 provided, the EEOC deemed it "inadequate[.]" Id., exh. E (doc. 281-
24 3) thereto at 12; and exh. F (doc. 281-3) thereto at 15.  On
25 December 6, 2007, the EEOC then "impose[d] additional requirements"
26 on Bashas' for document productions.  Id., exh. E thereto (doc.
27 281-3) at 12.  After reviewing Bashas' "description of [its]
28 automated records[,] . . . [t]o address [Bashas'] concerns

-5-

1  regarding over broad data requests[,]" the EEOC " attempted to
2  restrict the data requested as much as possible." <u>Id.</u>, exh. F
3  thereto (doc. 281-3) at 15.

4      In a March 14, 2008, letter response, Bashas' variously
5  characterized the EEOC's requests as "overly broad[;]" "unduly
6  burdensome[;]" and "ambiguous." <u>Id.</u>, exh. G thereto (doc. 281-3)
7  at 22.  Reiterating that it did not know the basis of the
8  Commissioner's Charge, Bashas' indicated that it could not
9  determine which documents were relevant or responsive to EEOC's
10 request.  <u>Id.</u>, exh. G thereto (doc. 281-3) at 21.  Expressing
11 "grave concerns about where any information shared with the EEOC
12 [might] go[,]" Bashas' stated it would "not produce any electronic
13 data or hard copy files until" execution of "an appropriate
14 confidentiality agreement[.]" <u>Id.</u>, exh. G thereto (doc. 281-3) at
15 22.  As it had previously, Bashas' stated its "concern that [the
16 Commissioner's] charge is being used as a vehicle to relitigate the
17 *Parra* case after an adverse ruling." <u>Id.</u>  Seeking "assurances
18 . . . that the EEOC w[ould] not be used as a tool to circumvent the
19 [Federal] Rules of Civil Procedure[,]" Bashas' enclosed a proposed
20 confidentiality order to "address and resolve th[at] issue." <u>Id.</u>

21     Apparently the EEOC would not enter into a confidentiality
22 agreement with Bashas'.  On May 28, 2008, it issued the subpoena
23 which is the subject of the current enforcement action.  <u>See</u> <u>id.</u>,
24 exh. H thereto at 25-29.  A few weeks later, on June 13, 2008,
25 Bashas' asserted its objections to that subpoena.  <u>Id.</u> at 5:21-23;
26 <u>see</u> <u>also</u> Resp. (doc. 283) at 3:17-19.  The EEOC took no further
27 action until February 2, 2009, when it filed an "Order to Show
28 Cause Why an Administrative Subpoena Should Not Be Enforced."

1    Shortly thereafter, on February 25, 2009, Bashas' filed the
2 present motion to transfer the enforcement action to this court
3 solely on the basis of LRCiv 42.1(a).  Bashas' reasons for transfer
4 are twofold.  First, it claims that there is a "significant
5 overlap" between that enforcement action and the Parra action.
6 Mot. (doc. 281) at 6:3.  Second, Bashas' argues that there is a
7 "risk of conflicting rulings" if the enforcement action is allowed
8 to proceed before another court.  Id. at 6:4-5.
9    Initially missing the mark, the EEOC's first response is that
10 these two actions are "totally unrelated" and thus not appropriate
11 for "*consolidation* under Fed. R. Civ. P. 42."  Resp. (doc. 283) at
12 1:27 (emphasis added).  Bashas' is seeking a transfer, not
13 consolidation, however; and the basis for that transfer is a Local
14 Rule - 42.1(a) - not the Federal Rules of Civil Procedure.  Thus,
15 the EEOC's response is irrelevant insofar as it pertains to
16 consolidation.
17    Turning to LRCiv 42.1, the EEOC again argues that
18 "consolidation," as opposed to transfer, is not proper under that
19 Rule.  Presumably the EEOC would make those same arguments against
20 transfer under that Local Rule.  Thus, the court will treat the
21 EEOC's consolidation arguments as directed at transfer, rather than
22 at consolidation.  The EEOC is taking the position that because a
23 different time frame is at issue in the enforcement action than in
24 Parra, "different events" are involved.  Resp. (doc. 283) at 7:11-
25 12.  The EEOC adds that the questions of law are not the same
26 because it is merely seeking to enforce an investigative subpoena.
27 It has not yet made a determination as to the existence of a Title
28 VII violation.  Thus, from the EEOC's standpoint, the enforcement

action and Parra "are unrelated." Id. at 8:12.

The Parra plaintiffs are "tak[ing] no position" with respect to this transfer motion. "Statement of Non-Opposition" (doc. 282), at 2:1-2

### *Discussion*

LRCiv 42.1(a)(1) provides in relevant part:

> Whenever two or more cases are pending before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property; . . . (D) calls for determination of substantially the same questions of law; or (E) for any other reason would *entail substantial duplication of labor if heard by different Judges*, any party may file a motion to transfer the case or cases involved to a single Judge.

LRCiv 42.1(a)(1) (emphasis added). Before examining those standards *vis-a-vis* the enforcement action and Parra, it is worth noting that "[d]istrict court judges have broad discretion regarding the assignment or reassignment of cases." Badea v. Cox, 931 F.2d 573, 575 (9th Cir. 1991) (internal quotation marks and citations omitted). This "broad discretion" derives from the fact that the Ninth Circuit "do[es] not review independently a district court's determination of the scope and application of local rules . . . because [it] give[s] district courts broad discretion in interpreting, applying, and determining the requirements of their own local rules[.]" Id. (internal quotation marks and citation omitted); see also Guam Sasaki Corp. V. Diana's Inc., 881 F.2d 713, 715 (9th Cir. 1989) (emphasis added) (The Ninth Circuit "afford[s] a *high degree* of deference to local rules and to district court decisions which are designed to delineate local practice and define the local rules.") Based upon this broad discretion, in Badea the

1  Court remanded to the same district judge for further proceedings,
2  despite plaintiff's assertion on appeal that the district court
3  "should have transferred [the] case to another judge who had heard
4  a factually similar case involving different parties."  Badea, 931
5  F.3d at 575.  Indeed, so broad is that deference that even where a
6  case had "little in common with the prior case," there was no abuse
7  of discretion in transferring that case to a judge "because it
8  allegedly presented issues similar to those in another case
9  previously heard by him."  See Jacobson v. Hughes Aircraft Co., 105
10 F.3d 1288, 1302 (9th Cir. 1997) (citation omitted).  It is against
11 this backdrop which the court is viewing Bashas' transfer motion.

     12  As this court stated in Gagan v. Estate of Sharar, 2008 WL
13 2810978 (D.Ariz. July 18, 2008), "[b]y its terms, LRCiv 42.1(a)(1)
14 does not require that each of its subsections be shown before a
15 transfer is proper thereunder."  Id. at *2.  As in Gagan, though,
16 several subsections of that Rule are met here.

     17  There is little doubt that the enforcement action and Parra
18 "arise from substantially the same transaction or event[]" –
19 alleged discriminatory conduct by Bashas'.  The fact, as the EEOC
20 stresses, that it is not yet "litigating any Title VII violation by
21 Bashas'[,]" does not alter the court's conclusion in this regard.
22 Resp. (doc. 283) at 8:7.  Moreover, as Bashas' points out, both
23 actions raise issues concerning employee information which Bashas'
24 has steadfastly maintained is confidential.  In fact, in Parra this
25 court has issued not one, but two, confidentiality orders; one of
26 those orders pertains directly to a database which the EEOC is
27 seeking through its enforcement subpoena.  Therefore, the first
28 factor under LRCiv 42.1(a)(1) clearly weighs in favor of a transfer

here.

Both actions involve "substantially" the same parties as well. Bashas' is the defendant in Parra, and the respondent in the enforcement action. Further, although not parties to the enforcement action, some of the Parra plaintiffs are part of the EEOC's focus therein. That is evidenced by the fact that the EEOC is seeking the personnel files of plaintiffs Jose A. Parra and Gonzalo Estrada, among others. See Mot. (doc. 281), exh. B thereto (doc. 281-3) at 6.

Likewise, the enforcement action and Parra call for a "determination of substantially the same questions of law" in that the EEOC's allegations of discrimination are, as Bashas' points out, "strikingly similar" to those in Parra. See Reply (doc. 286) at 2:10. Both pertain to Bashas' alleged discrimination against Hispanic employees with respect to pay. The fact that the Commissioner's Charge also includes a failure to promote allegation does not undermine the essential similarity of these claims. In any event, as this court has previously recognized, "exactness is not the standard" under this Local Rule. See Gagan, 2008 WL 2810978, at *3. So the fact that the legal issues may vary somewhat between Parra and the enforcement action is not a sufficient basis upon which to deny a transfer here.

Moreover, just as in Gagan, "subsection (E), the broad, catch-all provision of LRCiv 42.1(a)(1), provides ample justification for transferring" the enforcement action to this court. See id. This court has gained considerable familiarity with Parra, having presided over it for roughly seven years. The court's familiarity is all the more significant because at least on the face of it, it

1 appears that in the enforcement action the EEOC is seeking much the
2 same information which has been, if not directly, at least
3 peripherally, the subject of two prior confidentiality orders in
4 Parra.  Certainly the interests of judicial economy and the
5 avoidance of duplicative efforts would *not* be served if the
6 enforcement action were to remain before Judge Teilborg.  See In re
7 Marshall, 291 B.R. 855, 859 (Bankr. C.D. Cal. 2003) ("The purpose
8 of assigning related cases to the same judge is to promote judicial
9 efficiency and to avoid the necessity of a new judge learning a
10 complex factual scenario from the beginning.")

11     The assignment factors enumerated in LRCiv 42.1(a)(4), as
12 Bashas' contends, also weigh heavily in favor of transferring the
13 enforcement action to this court.  That Rule states in relevant
14 part:

> In determining the Judge to whom the case
> . . . will be assigned pursuant to subparagraph[]
> (a)(1) . . . above, the following factors may
> be considered: (A) whether substantive matters
> have been considered in a case; (B) which Judge
> has the most familiarity with the issues involved
> in the case; (C) whether a case is reasonably viewed
> as the lead or principal case; or (D) any other factor
> serving the interest of judicial economy.

20 LRCiv 42.1(a)(4).  Given that the enforcement action was fairly
21 recently commenced, Judge Teilborg has issued only scheduling
22 orders; he has yet to consider any substantive matters, although a
23 motion for leave to conduct limited discovery was just filed on
24 April 3, 2009.

25     Not only does the first factor which LRCiv 42.1(a)(4) lists
26 favor transfer, but so does the second.  There can be no doubt, as
27 explained herein, that this court has "the most familiarity with
28 the issues involved[,]" especially taking into account its prior

- 11 -

consideration of confidentially issues which seemingly bear directly upon the enforcement action.  Given the manner in which the enforcement action has unfolded, Parra could easily be deemed the "lead or principal case" with respect to that other action. For all of these reasons, the court finds that the "interest of judicial economy" would best be served here by granting Bashas' motion to transfer.

Accordingly,

IT IS ORDERED that "Defendants' Motion to Transfer EEOC's Subpoena Enforcement Action" (doc. 281), *i.e.* EEOC v. Bashas', Inc., 2:09-cv-00209-JAT, is GRANTED;

IT IS FURTHER ORDERED that a copy of this order shall be provided to United States District Court Judge James A. Teilborg.

DATED this 15th day of April, 2009.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record