WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gonzalo Estrada and Aurelia Martinez, on behalf of themselves and all individuals similarly situated,[1] <br><br> Plaintiffs, <br><br> v. <br><br> Bashas' Incorporated, <br><br> Defendant. | No. CV-02-00591-PHX-RCB <br><br> **O R D E R** |

### *Introduction*

Currently pending before the court is a motion for reconsideration by defendant Bashas' Incorporated (Doc. 309). Bashas' is seeking to have this court reconsider its order in Parra v. Bashas', Inc., 291 F.R.D. 360 (D.Ariz. 2013), granting plaintiffs' motion for class certification with respect to their pay claim. For the reasons set forth herein, the court denies defendant Bashas' motion.

### *Background*

Pursuant to Fed.R.Civ.P. 23(b)(3), this court certified a class, defining it as follows:

> All Hispanic workers currently and formerly employed by defendant Bashas' Inc. in an hourly position at any Food [C]ity retail store since April 4, 1998, who have

---

[1] "Originally, José Parra also was a named plaintiff, but he has since withdrawn, although he remains a member of the putative class." Parra, 291 F.R.D. at 365 n. 3 (citation omitted). Accordingly, the court is omitting Mr. Parra from the caption.

been subject to the challenged pay policies and practices.

Id. at 403. Assuming familiarity with the detailed analysis in Parra, and the protracted history of the issue of class certification in this case, the court will proceed directly to an analysis of Bashas' motion to reconsider.

## *Discussion*

### *I. Standard of Review*

Initially, Bashas' did not indicate the basis for its reconsideration motion. Nonetheless, it was clear to the plaintiffs, as it is to the court, that 7.2(g)(1) is the basis for this motion. Bashas' acknowledges as much in its reply, contending that reconsideration is "warranted" because the "plain requirements of LR Civ. 7.2(g)" are met in this case. Reply (Doc. 314) at 1:25-26.

As pertinent here, in accordance with LR Civ. 7.2(g)(1), "[t]he Court will ordinarily deny a motion for reconsideration . . . absent a showing of manifest error[.]" LR Civ. 7.2(g)(1). The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009) ("Black's"). Rule 7.2(g)(1) also requires, *inter alia*, that motions thereunder "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court[.]" LR Civ. 7.2(g)(1). Additionally, Rule 7.2(g)(1) prohibits "repeat[ing] any oral or written argument made by the movant in . . . opposition to the motion that resulted in the Order." Id. Lastly, Rule 7.2(g)(1) grants courts the discretion to deny a motion for reconsideration for failure to comply therewith.

In addition to complying with LR Civ. 7.2(g)(1), a party moving for reconsideration must take into account the narrow scope of such a motion. "[D]issatisfaction or disagreement is not a proper basis for reconsideration[.]" Ellsworth v. Prison Health Services Inc., 2013 WL 1149937, at *2 (D.Ariz. March 20, 2013) (internal quotation marks and citations omitted); see also Dennis v. Ayers, 2008 WL 1989304, at *1 (N.D.Cal. May 6, 2008) (Petitioner's disagreement "with the Court's prior

resolution of the claim . . . is, of course, [an] insufficient [basis] for . . . grant[ing] a motion for reconsideration.")  Likewise, a motion for reconsideration may not be used to "ask[] this court to rethink what [it] . . . already thought through, rightly or wrongly." Morgal v. Maricopa County Bd. of Sup'rs, 2012 WL 2368478, at *1 (D.Ariz. June 21, 2012) (internal quotation marks and citations omitted).  Reconsideration motions "are not the place for parties to make new arguments not raised in their original briefs." Motorola, Inc. v. J.B. Rodgers Mech. Contractors, 215 F.R.D. 581, 582 (D.Ariz. 2003) (citing Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988)).  Thus, as is evident, "'[m]otions for reconsideration are disfavored and should be granted only in rare circumstances.'"  Ellsworth, 2013 WL 1149937, at *1 (quoting Morgal, 2012 WL 2368478, at *1 (other quotation marks and citation omitted).  It is against this legal backdrop that the court will consider Bashas' reconsideration motion.[2]

---

[2] Before doing so, however, there is one preliminary issue arising from Bashas' reliance upon portions of deposition testimony, which it acknowledges were not part of its opposition to class certification. See Reply (Doc. 314) at 6:25-28, n. 2. Bashas' is relying upon those deposition excerpts to argue that it is "entitled to a trial on each of the pay equalization measures [it] took over a several-year period." Reply (Doc. 314) at 6:1 (emphasis omitted).

Bashas' contends that it is entitled to supplement the record in that regard because "on remand from the Ninth Circuit[]" the plaintiffs modified their class definition. Id. at 6:26-27, n. 2. Actually, the plaintiffs modified their class definition, not "on remand," but, rather, when they decided not to pursue "on appeal" the "so-called [] Subject Placement claim[.]" See Parra, 291 F.R.D. at 373 (internal quotation marks and citation omitted).

Of arguably more import is the fact that United States v. $405,089.23 U.S. Currency, 122 F.3d 1285 (9th Cir. 1997), Bashas' sole legal authority for allowing it to supplement the record, is wholly distinguishable. Based upon evidence obtained after the institution of that action, the district court found that the Government had established probable cause for the forfeiture of the targeted assets. Finding to the contrary, the Ninth Circuit reversed. Instead of remanding with instructions to grant summary judgment in favor of the claimants, the Ninth Circuit instructed the district court to give the Government an opportunity to supplement the record. Id. at 1291-1292.

The Ninth Circuit did so for two reasons. First, after the district court had granted summary judgment in the Government's favor, there was an intervening Ninth Circuit decision making clear that in this Circuit the Government is prevented from relying upon evidence obtained after the institution of forfeiture proceedings to support a probable cause finding. Second, the Ninth Circuit relied upon the Government's representations that it possessed evidence obtained prior to the institution of that forfeiture proceeding to establish the necessary probable cause.  It is patently obvious that neither of those relatively unique circumstances is present here.  Thus, $405,089.23 U.S. Currency does not provide a basis for allowing Bashas' to supplement the record at this late stage.  This is all the more so given the possible prejudice to plaintiffs which would occur by allowing Bashas' to supplement the record in its reply. Accordingly, the court is not considering the three exhibits attached to Bashas' reply.

- 3 -

## *II. Analysis*

Bashas' diffuse approach makes it difficult to ascertain the precise grounds which it claims warrant reconsideration. What is readily ascertainable though is that Bashas' has not met the demanding standards necessary to warrant granting the extraordinary remedy of reconsideration. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed.1995) (The granting of a motion for reconsideration "is an extraordinary remedy which should be used sparingly.")

Despite LR Civ. 7.2(g)(1)'s prohibition against repetitive arguments, at the outset Bashas' essentially concedes that it is repeating its argument that there are facts in dispute precluding a finding of class-wide liability. See Mot. (Doc. 309) at 1:20-21 ("As Bashas' explained in its prior briefs, there are facts in dispute, which preclude deciding liability on a class-wide basis.") This is not the only argument which is repetitive, and hence is an improper basis for reconsideration. Bashas' motion and reply include a litany of other arguments which are all too familiar to this court.

Just as it did in opposing class certification, Bashas' argues that "individual issues predominate over any common ones." Compare Mot. (Doc. 309) at 4:21-22 (emphasis omitted) with Resp. to Mot. for Class Certification (Doc. 190) at 72-76; and Supp. Opening Br. (Doc. 301) at 19:9-20. Of course, after a fairly in-depth analysis, this court found to the contrary. See Parra, 291 F.R.D. at 390-393. Continuing to maintain that individual issues predominate, Bashas' reiterates that some unspecified class members were not harmed by its two-tiered wage scale. More specifically, Bashas', as it did previously, asserts that "there were Food City employees in job categories which had *higher* wage rates than those paid to their counterparts at Bashas'." Compare Mot. (Doc. 309) at 1:24-26 (emphasis in original) with Supp. Opening Br. (Doc. 301) at 4:10-11 (emphasis added) ("*Some Food City pay rates* were the same or *actually higher* than those used at Bashas' or A.J.'s stores."); id. at 14:1-3 (emphasis added) ("The reality is that there were differences in pay scales between formats, and *some Food City employees* (Hispanic or not) *fared bette*r than their A.J.'s and Bashas' counterparts while others did not.")

- 4 -

Additionally, Bashas' continues to argue that because its wage scales were equalized over time, there will need to be separate liability trials for "many" of the pay steps. See Mot. (Doc. 309) at 6:6.  This, too, is an argument which has previously been made to this court, and hence is not a proper basis for seeking reconsideration.  See Supp. Opening Br. (Doc. 301) at 5:20-22; and at 5: 8-9 ("[T]o determine whether – and to what extent -- any Food City employees was paid less than a counterpart at Bashas' or A.J.'s, assuming such a counterpart existed, would turn on these assorted individual variables[,]" including "the equalization of pay rates for different positions occur[ring] at different paces[.]").

Bashas' argument that manager discretion may have favored Hispanics is yet another example of Bashas' repeating a previously made argument.  Compare Mot. (Doc. 309) at 2:24-28 ("[D]epending on what a particular store manager values in a new employee . . . , a Food City employee could have been placed higher on the pay scale than he would have been placed had he applied at a Bashas' store run by a different manager with different priorities and different (and evolving) needs.") with Supp. Opening Br. (Doc. 301) at 14:6-7 ("[I]n some instances, employees may have benefited from this discretionary practice while, in others, they may have not[.]")  As an aside, the court observes, as the plaintiffs note, that the record evidence is that  "[i]n every year studied, Hispanics are paid less than whites assigned to the same position *at the time of hire* and the differences are statistically significant in every year, except 1999." Rebuttal Report of Dr. Richard Drogin, Ph.D. (Sept. 3, 2004) at 2, ¶ 6 (emphasis added).  Thus, not only is Bashas' asserting an improper basis for reconsideration, but the record as presently constituted substantively undermines its manager discretion argument.

The foregoing arguments are by no means the only repetitious arguments made by Bashas', but they are illustrative and highlight Bashas' dissatisfaction or disagreement with Parra, 291 F.R.D. 360.  Such repetitious arguments also readily show that essentially Bashas' is asking this court to rethink Parra.  Neither is a proper basis for a motion to reconsider, however. See discussion supra at 2-3.

Especially because Bashas' motion and reply are rife with repetitive arguments,

the court would be well within its discretion in denying reconsideration on that basis alone, as LR Civ. 7.2(g)(1) contemplates. There is another equally compelling reason for denying reconsideration, however: Bashas' has not shown manifest error so as to warrant reconsideration pursuant to LR Civ. 7.2(g)(1). It is not enough to simply incant the phrase "manifest error." See Mot. (Doc. 309) at 1:17. Bashas' must identify each such error and explain how it is "plain and indisputable[,] . . . amount[ing] to a complete disregard of the controlling law or the credible evidence in the record." See Black's. Bashas' has not done that.

Although Bashas' claims that Parra contains "at least two manifest errors[,]" it only explicitly identifies one. See Mot. (Doc. 309) at 1:17. In its reply Bashas' declares: "This alone is manifest error: [This] Court[] assume[d] that, where a pay step at Food City is lower than the same pay step at Bashas', more Hispanic employees occupy that pay step at Food City than White employees." Reply (Doc. 314) at 5:14-16 (citation omitted). Even assuming *arguendo* that the court explicitly or implicitly made such an assumption (which it did not), Bashas' has not explained how that assumption "amounts to a *complete disregard* of the controlling law *or* the credible evidence in the record." See Black's (emphasis added). Furthermore, the foregoing does not, as Bashas' presupposes, equate to an assumption that the plaintiffs established a prima facie case of disparate impact. That determination must await another day.

Additionally, it appears as though Bashas' also is claiming that the "finding [in Parra, 291 F.R.D. 360] that the pay scales at Bashas' and A.J.'s stores were higher than those at Food City[]" was manifest error. See Mot. (Doc. 309) at 1:26-27 (internal quotation marks omitted). This is because Bashas' asserts that that "finding . . . is not true for the entire class[]" in that there were "Food City employees who earned more than their counterparts at Bashas' stores[.]" Id. at 1:27-2:1. Those employees, Bashas' argues, "cannot recover damages" in that "they actually *benefitted* from the pay scales." Id. at 2:1-2.

Bashas' has not met its burden of showing that that finding constitutes manifest error. First, that finding is based upon one of "'three significant . . . conce[ssions]'" by

Bashas'. Parra v. Bashas' Inc., 291 F.R.D. 360, 374 (D.Ariz. 2013) (quoting Parra v. Bashas' Inc., 536 F.3d 975, 979 (9th Cir. 2008) (other citation omitted). More specifically, this court recited that "the pay scales at Bashas' and A.J.'s stores were higher than those at Food City *during the period 1998-2000*[.]" Id. (emphasis added). It is difficult if not impossible to see how a previous concession by Bashas', adopted by the Ninth Circuit and this court, can support a finding of manifest error, *i.e.*, a complete disregard of the credible evidence.

Second, Bashas' has not shown a complete disregard of the controlling law on this point. The court did not hold, as Bashas' implies, that class members who were not actually harmed or did not sustain an actual injury can recover monetary damages. This court simply held that the plaintiffs had "provide[d] the 'convincing proof of a companywide discriminatory pay . . . policy' missing from *Dukes*[]" to support a finding of commonality. Parra, 291 F.R.D. at 374 (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. ----, ----, 131 S.Ct. 2541, 2556, 180 L.Ed.2d 374 (2011)).

Bashas' other reconsideration theories likewise are unavailing. In its reply, Bashas' clarifies that its first "dispositive" reconsideration argument is that the "[p]laintiffs have not established a prima facie case of discrimination with respect to any of the proposed class members[.]" Reply (Doc. 314) at 1:16-18. Bashas' does not correlate this argument to its motion for reconsideration though. It does not, for example, explain how plaintiffs' alleged shortcomings in proof translate to manifest error, or otherwise justify reconsideration here, and the court declines to speculate.

Suffice it to say that neither of the cases to which Bashas' cites, Moran v. Selig, 447 F.3d 748 (9th Cir. 2006) (disparate treatment), and Garcia v. Spun Steak Co., 998 F.2d 1480 (9th Cir. 1993) (disparate impact), stand for the proposition that at the class certification stage it is incumbent upon the plaintiffs in the first instance to make a prima facie showing of discrimination stage. Rather, in both of those cases, the courts were examining the sufficiency of plaintiffs' prima facie proof at the summary judgment stage. Consequently, neither Moran nor Garcia advance Bashas' reconsideration argument on this issue.

Further, and in keeping with the controlling law, in Parra this court expressly declined to "'turn the[] class certification proceedings into a dress rehearsal for the trial on the merits.'" Parra, 291 F.R.D. at 368 (quoting Messner v. Northshore University HealthSystem, 669 F.3d 802, 811 (7th Cir. 2012) (citations omitted)). That "prohibition on requiring Plaintiffs to establish their claims at the class certification stage was . . . reinforced by the Supreme Court in *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, --- U.S. ---, 133 S.Ct. 1184, 185 L.Ed.2d 308 (2013)." Parsons v. Ryan, 289 F.R.D. 513, 516 (D.Ariz. 2013). There, as this court pointed out in Parra, the Supreme Court "cautioned that 'Rule 23 grants no license to engage in free-ranging merits inquires at the certification stage.'" Parra, 291 F.R.D. at 368 (quoting Amgen, 133 S.Ct. at 1194-95) (other citation omitted); see also Smith v. Microsoft Corp., 2014 WL 323683, at *2 (S.D.Cal. Jan. 28, 2014) (quoting Staton v. Boeing Co., 327 F.3d 938, 954 (9th Cir. 2003) (citations and internal quotation marks omitted)) ("'Although some inquiry into the substance of a case may be necessary[,]' however, 'it is improper to advance a decision on the merits to the class certification stage.'") In part, that is because, as this court also previously recognized, "'Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class.'" Id. (quoting Amgen, 133 S.Ct. at 1191) (emphasis in original).   Thus, "it remains relatively clear that an ultimate adjudication on the merits of plaintiffs' claims is inappropriate, and that any inquiry into the merits must be strictly limited to determining whether plaintiff's allegations satisfy Rule 23." See Herrera v. Service Employees Intern. Union Local 87, 2013 WL 1320443, at *2 (N.D.Cal. April 1, 2013) (citing Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 n. 8 (9th Cir. 2011)). Seemingly, Bashas' is overlooking the purpose of a Rule 23(b)(3) certification. It is "'not to adjudicate the case; rather, it is to select the metho[d] best suited to adjudication of the controversy fairly and efficiently.'" Parra, 291 F.R.D. at 390 (quoting Amgen, 133 S.Ct. at 1191) (internal quotation marks omitted).

Consistent with the foregoing, in Parra this court did not delve into whether the plaintiffs made a prima facie showing of discrimination, an inquiry Bashas' strongly

implies this court should have undertaken in Parra. Moreover, despite what the parties seem to believe, nothing in Parra, 291 F.R.D. 360, excuses the plaintiffs from having to establish a prima facie case of discrimination. And, at least with respect to the disparate impact claim,[3] the plaintiffs must prove such charge by a preponderance of the evidence. See Paige v. California, 291 F.3d 1141, 1145 n. 4 (9th Cir. 2002) (citations omitted). At this point, however, "'[n]either the possibility that [the] plaintiff[s] will be unable to prove [their] allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for'" reconsidering the decision "'to certify a class which apparently satisfies the Rule.'" See Wolin v. Jaguar Land Rover North America, LLC, 617 F.3d 1168, 1173 (9th Cir. 2010) (quoting Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975)).

Before concluding, the court must address the pending stipulation (Doc. 316), wherein the parties stipulate to amend the class definition. In light of that stipulation, the class definition is hereby amended and is defined as follows:

> All Hispanic workers currently and formerly employed by defendant Bashas' in an hourly position at any Food City retail store between April 4, 1998 and July 1, 2007, who have been subject to the challenged pay policies and practices. The Class does not include any member who worked for Food City for less than eight (8) hours during the Class Period or any person who was first hired for an hourly position at Food City after January 2, 2005.

### *Conclusion*

To conclude, the court hereby ORDERS that:

(1) Bashas' Motion for Reconsideration of Order Certifying Class on Plaintiffs' Pay Claim (Doc. 309) is **DENIED**;

(2) Pursuant to the parties' stipulation (Doc. 316), the class definition is **AMENDED** and the class is defined as set forth above; and

(3) Within **fourteen (14) days** from the date of entry of this Order, in conformity with Fed.R.Civ. P. 23(c)(2)(B), the parties shall submit jointly an agreed upon form of

---

[3] It appears to the court, as it does to Bashas', that at this juncture, the plaintiffs' only remaining theory of discrimination is disparate impact.

- 9 -

notice, incorporating the amended class definition set forth above, a joint proposal for dissemination of the notice, and the time-line for opting out of the action. The plaintiffs must bear the costs of the notice, which shall include mailing by first-class mail.

Dated this 31st day of March, 2014.

_____
Robert C. Broomfield
Senior United States District Judge